NEW-YORK,
Nov. 1809.

TOBEY
v.
BARBER.

───── ⚫ ─────

## TOBEY *against* BARBER.

Where *A.* being indebted to *B.* for two quarters rent on a lease, gave to *B.* the note of *C.* for part of the amount, and paid the residue in money, and *B.* indorsed a receipt on the lease, as having received the amount in full for the rent; and the note not being paid, *B.* afterwards brought an action of covenant for the rent; it was held, that the receipt, though absolute in its terms, was not conclusive evidence of the payment; and that *parol* evidence was admissible to show that the note was part of the sum included in the receipt.

*Parol* evidence is admissible to explain or contradict the terms of a receipt.

A note is not an extinguishment or payment of a precedent debt, unless there is an express agreement to accept it in payment, and to take the risk of the solvency of the maker.

THIS was a suit on a lease, dated the 17th of *November*, 1802, executed by the plaintiff to the defendant, by which he leased to the defendant a dwelling-house, barn, and saw-mill, &c. in *Catskill*, for two years from the date of the lease, for the sum of 800 dollars, 100 dollars to be paid every three months. The suit was brought on the *covenant* to pay the rent, and for the non-payment of the 100 dollars, due successively, on the 17th *August*, 1803, the 17th *November*, 1803, and the 17th *February*, 1804. The plea was the general issue, with notice of payment. The cause was tried at the *Columbia* circuit, in *October*, 1808, before Mr. Justice *Spencer*.

At the trial, the lease was admitted, and the defendant gave in evidence several *receipts* of the plaintiff, indorsed on the counterpart of the lease. The receipt of the plaintiff to the defendant, dated the 24th of *September*, 1803, was, as follows : " Received of *Ralph Barber*, 163 dollars, on account of the within lease, and in full for the second and third quarters' rent." The receipt of the plaintiff, dated the 25th of *February*, 1804, was, as follows : " Received of *Uriah Coffin*, five turnpike shares, deposited with *Uriah Coffin*, by *Ralph Barber*, for me, for the last quarter's rent, due of *Ralph Barber*, before

the assignment, agreeable to the within lease, the said shares being in the *Schoharie* turnpike."

An assignment was produced, dated 19th *November*, 1803, by which the defendant assigned the lease to *Uriah Coffin;* and the plaintiff, on the same day, under his hand, certified, that he agreed to the assignment. On the 27th of *February*, 1804, *Coffin* assigned and gave up the lease to the plaintiff.

The plaintiff then offered to prove, that the defendant had procured *Coffin* to give a *note*, payable to the plaintiff or order, for 115 dollars and 68 cents, at the bank of *Columbia*, in four months, and dated the 24th *September*, 1803, as part of the receipt of that date ; and that *Coffin* failed before the note became due, and took the benefit of the insolvent act, and that the note was not paid. This evidence was objected to, but admitted.

The plaintiff then offered to prove, that the turnpike shares were received, not as payment, but upon the condition expressed in a letter of the defendant. This evidence was objected to, but admitted. The letter was dated the 17th of *February*, 1804, and stated, that the plaintiff might receive the shares of *Coffin*, and keep them until *April*, when he should be at *Hudson*, and would redeem them. The plaintiff proved, that the shares were called for by him, and received in pursuance of the letter, and on the terms therein expressed. He next proved the low value of the turnpike shares.

The judge charged the jury, that a receipt was not conclusive evidence, but might be explained by *parol;* and that the *note* not being paid, it did not operate as an extinguishment of the rent due under seal; that the receipt for the shares did not purport to be a receipt in full, and that it appeared from the evidence, that they were received upon the condition expressed in the letter. The jury found a verdict for the plaintiff, for 252 dol-

NEW-YORK,
Nov. 1809.

TOBEY
v.
BARBER.

lars and 50 cents, being the deficiency in the three quar-
ters' rent.

A motion was made for a new trial: 1. Because the
parol evidence, as to the receipts, was inadmissible. 2.
That the note, being given by a third person to the plain-
tiff, was an extinguishment of the debt for which it was
given. 3. For the misdirection of the judge.

*Van Beuren*, for the defendant. 1. Admitting that a
receipt is not conclusive evidence; yet the rule applies
only in cases of fraud or mistake. Where there has been
any fraud or deception, or where there is a mistake or
omission in the account or sum for which the receipt is
given, parol evidence has been received.* But here no
fraud or mistake is pretended. Parol evidence is never
admissible to vary the substance of, or to contradict a
writing.†

* 2 Bac. Abr.
652. Evid. (G.)
Str. 794. 1260,
1261. and notes.

† 2 Wils. 275.

2. But there was sufficient evidence to show, that the
plaintiff took the note of *Coffin* in absolute payment. The
plaintiff knew the insolvent situation of *Coffin* at the
time; and the indorsement of the receipt on the back of
the lease, without any condition or limitation, and in
full of the rent, is conclusive evidence of its being re-
ceived in payment. A receipt for the last quarter's
rent is conclusive, as to all the previous quarters. At
least, it ought to have been left to the jury, as a ques-
tion of fact, whether the plaintiff did not take the note
in absolute payment. The receipt for the turnpike shares
was in full of the last quarter's rent. The letter was not
conclusive proof that the shares were in fact received
conditionally, or as security. The terms of the receipt
contradict that idea, and the testimony of the two wit-
nesses is balanced.

NEW-YORK,
Nov. 1809.

TOBEY
v.
BARBER.

* 1 Johns. Cas.
145. 2 Term
Rep. 366. 5 Ve-
sey, jun. 87.
† 2 Johns. Rep.
378. 2 Caines,
117.
‡ Woodfall, 412.
498. Bull. N. P
182.

*Parker*, contra. Receipts are not those written instruments against which no parol evidence is to be received.* Parol evidence may be admitted to explain or vary a receipt. The note was no extinguishment of the rent; nor was it payment unless actually paid, or unless there was a specific agreement that it should be payment.† If a landlord takes a bond for rent, and the bond is not paid, it is no extinguishment of the rent.‡ If a stranger gives a bond for the simple contract debt of another, it is no extinguishment of the debt.

[VAN NESS, J. The question is not, whether there was an extinguishment of the rent; but whether the note was accepted in payment.]

I contend, then, that there is no evidence of such an acceptance.

*Fraser*, in reply. In the first receipt, the amount of the note was included, with money paid. It was improper to admit evidence of the fact of the note's being a part of the sum, for it contradicts the very terms of the receipt. I admit the general rule, that a note given for a precedent debt is not payment; but here a receipt in full has been given, and with full knowledge of the circumstances of the note. The plaintiff held this note near a year; and after the maker had become insolvent, he gave another receipt for the turnpike shares, in full for the last quarter's rent. The words of the receipt are express and absolute; there is nothing from which to infer any condition. Where an agreement is reduced to writing, parol evidence is inadmissible to contradict it. The receipt contains the written agreement of the party to accept the shares in full satisfaction of the rent.

[SPENCER, J. Suppose a receipt given for bank notes, which afterwards prove to be forged, would that be conclusive evidence of a payment?]

That would be a fraud, and therefore no payment; for it is admitted, that where there is fraud or mistake, the receipt may be explained. If there was any condition, it ought to have been mentioned in the receipt. You cannot, afterwards, vary the terms of a writing, deliberately made and signed by the party.

*Per Curiam.* It has been repeatedly held in this court, that a receipt is an exception to the general rule, that a writing cannot be explained or contradicted by parol. (1 *Johns. Cas.* 145. 2 *Johns. Rep.* 378.) The grossest abuses and fraud would be practised upon the ignorant and unwary, if receipts were to be deemed conclusive, and not open to examination. The weight of this inconvenience has been felt and avoided in other courts as well as in our own. (2 *Term Rep.* 866. 5 *Ves.* 87. 1 *Peters' Adm. Rep.* 179, 180.) The parol evidence was, then, admissible in this case, to show that the receipt of the 24th of *September*, 1803, though purporting to be in full for two quarters' rent, was founded partly on a note given by one *Coffin* to the plaintiff, by the procurement of the defendant; and that *Coffin* became insolvent before the note fell due, by which means the note was not paid. The taking of the note was no extinguishment of the debt due for the rent. It is a rule well settled, and repeatedly recognised in this court, that taking a note, either of the debtor or of a third person, for a pre-existing debt, is no payment, unless it be expressly agreed to take the note as payment, and to run the risk of its being paid; or unless the creditor parts with the note, or is guilty of *laches* in not presenting it for payment in due time. He is not obliged to sue upon it. He

may return it when dishonoured, and resort to his original demand. It only postpones the time of payment of the old debt, until a default be made in the payment of the note. (1 *Salk.* 124. 5 *Term Rep.* 513. 6 *Term Rep.* 52. 7 *Term Rep.* 66. 1 *Esp. N. P.* 3. 1 *Cranch,* 181. *Herring* v. *Sanger, January* term, 1802, and *Roget* v. *Merritt and Clapp,* 2 *Caines,* 117.) There is no evidence in this case, that the plaintiff agreed to run the risk of the solvency of *Coffin,* and to take the note as absolute payment, except it be the inference arising from the receipt itself, and that is not enough to establish such a positive agreement. The case of *Murray* v. *Gouverneur & Kemble,* which was decided in the court of errors, in *February,* 1800, on an appeal from a decree in chancery, is in point, as to the question before us ; for it is to be observed, that the rules of evidence are generally the same in cases of law and of equity. It was there decided, that receipts were explainable, and that a bill was not a discharge of a precedent debt, unless by express agreement; and that a receipt of a bill as cash was still not sufficient evidence that the bill was taken as an absolute payment.

As to the receipt for the turnpike shares, it does not, even on the face of it, purport that those shares were taken as an extinguishment of the rent; and the parol evidence is decisive that they were offered by the defendant, and received by the plaintiff, as a security merely.

The motion for a new trial must therefore be denied.

Motion denied.