Brevard, J.
The conduct and management of a trading ship is usually entrusted to the master, or captain. He is generally the confidential agent of the owners of the ship. They are bound to the performance of every lawful contract made by him, relative to the usual employment of the ship. But the master is also answerable for his own contract. Themerchant who supplies necessaries for. the use of the ship, has a twofold remedy, against the one, or the other. It often happens that no contract can be made with the owners personally ; as when the ship is at a place distant from their residence. But the master is always personally liable, unless he takes care, by express terms, to confine the credit to the owners *237 only. Cowp. 636. In the present case, it appeared that the con. tract was with the Captain, the defendant, and the credit was given ■to him personally ; the plaintiffs having .also the security of the ship owners, who were unknown to them. There was no evidence that the plaintiffs knew who w.ere the ship owners, and, therefore, it cannot be supposed that' they relied wholly on them for payment, .and did not also rely on the personal responsibility of the defend, ant: nor did it appear that they ever consented to discharge tha .defendant from his liability.
The original entry in the plaintiff’s books, and the account delivered to A. Holmes & Co., caunot be considered as releasing the defendant from his responsibility. Tt was notan extinguishment of their claim against him. Abb. 104. Cowp. 636. 5 Esp. Rep. 122, 5 Johns. 68. 7 Johns. 312.
It has been said, that the boat which was supplied for the use of the ship, was not such an article as comes within the meaning of the term “necessaries for the ship.” It seems that if a ship be sold, •“ with the tackle, apparel, furniture and other instruments thereto belonging,” according to maritime law the ship’s boat is not conveyed by those words. Abb. 4. But it does pot follow, that the 'boat is not an article necessary to the usual employment of the ship ; and as much so as any other article, such as ship’s stores and provisions, which is not part of the ship itself. Upon the whole, my opinion is, that the plaintiffs are entitled to a new trial.
Nott, J.
The defendant in this case being a captain of the ship Hindostán, procured the plaintiffs to build a boat for the said ship, which, when finished, he received. He did not mention at the time he ordered the work done, nor when he received the boat, who were the owners of the vessel, but spoke for it and received it as for himself. The entry in plaintiffs’ books was, “ Captain Cor-lett and owners of the ship Hindostán, to Stocker &Bunce, Drs.” The plaintiffs once rendered in this account to the owners, but it was not paid. ‘ The only question now submitted, is, whether the captain is liable for this boat, or whether the plaintiffs must look to the owners ? It is a rule of law, that a captain of a vessel is the' general agent of the owners. A distinction is sometimes made between his agency in a foreign port, and the port where the owner resides. But it is unnecessary to notice that question in this case ; for admitting that distinction to exist, it cannot affect the decision. The owner in this case, lived in Charleston, and if that superseded the defendant’s agency, he is liable for acting without authority. It would be a ground of exemption for the owners, but it would *238 strei,g^ien the obligation on the master. If his general agency was not impaired by being in a home port; it gave the plaintiffs additional security by making both master and owners liable ; 1 Comyns on Cont. 331. Gainham v. Bennet. Strange, 816. Rich v. Cox, et. al. Cowp. 636. But in the present instance, there was no evidence to take the case out of the general rule. The plaintiffs, therefore, had their double claim upon both master and owner, and nothing could discharge the one, but payment by the other; and it is perfectly right that it should be so. The contract between the captain and owner is bottomed on mutual confidence : on the part of the owner, that the captain will not contract for any thing which is not necessary, and on the part of the captain, that his owner and employer will indemnify him against all such contracts. I am of opinion, therefore, that the defendant in this case, was liable, and he must look to his principal for indemnity. 5 Johns. 68. 7 Johns. 312.
Colcock, J., was for rejecting the motion.