Mr. Justice Richardson
delivered the opinion of the court.
It has been already decided by this'court, in the case of Eifert vs. Descoudres & Co. (1 Cons. Rep. 70.) That in order io render the endorser liable, a demand of pay" .ment must be made upon the maker of a note, though endorsed after it has become due.
But the Judges do not, in that case, say, in so many words,- that notice to the endorser, in case of a refusal to pay by the maker, is also indispensable; yet it seems implied that notice is necessary. ,<r
In the case of Berry vs. Robinson, (2 Johnson 121,) the Judges of the Supreme Court of New-York unanimously decided the same point, and in their opinion, say, the plaintiff was properly non-suited, for not proving demand of payment on the maker, and notice of his default to the endorser.” But in that casé too, thé want of notice was coupled witfi the want of a demand of payment upon the maker. No notice or demand of payment had been made in either of those cases; and I have found no adjudged case, in which, (as in the one before us,) the svant of notice was uncoupled with the want of demand of payment. In the case before us there had been a demand .and refusal, but no notice.
Thus we are without an express adjudication upon the precise point; yet the treatises upon bills of exchange and promissory notes make no distinction in this respect, between notes endorsed before and after they become due.— Thus Selwyn says, ( vol. 1, p. 407,) “ where a note, &c. is endorsed; Sec. it is necessary in an action against the endor *201 uer to allege and prove a demand on the maker, and notice of his default, &c.”
And I believe all the books of acknowledged authority lay down the same general rule as established; and adjudged cases seem to justify their general language; (5 Term. 513. 1 Salk. 124. Tobey vs. Barber, 5 John. 73. 6 Term 52.) though they have not expressly decided it.
Chitty says, (151,) if a bill be presented and acceptance be refused, notice should be given as soon as possible to the persons to whom the holder means to resort for payment, or they will, in general, be totally discharged; for in contemplation of law, the drawer has lost his effects in the hands of the drawee ; and it is on that principle that notice of non-payment is required.
In the case of Blesard vs. Hirst. 5, Burr. 2670, it was decided, that even where it is not necessary that the bill should be presented for acceptance before it became due, yet if it be presented, the holder must give immediate notice in case of non-acceptance. (See also Goodall vs. Dolly, 1 Term. Rep. 712, for same point. ,
From the general rule then, and the plain inference from adjudged cases too, it seems to follow, that when in any case, a demand of the drawee is required, then notice, if the bill has been dishonored, seems to follow as a necessa'ry consequence; and, as an indispensable one, before the drawer becomes fixed in his liability.. If so, the case of Eifert vs. Des Coudres, has settled the question before us. If it be asked when notice is to be given, I can only answer, that in my individual judgment, immediate notice is as much required in such a case as in any other. Not only simplicity and uniformity reqúire that the same rule should prevail, but there is the same force of reason and necessity in the one case as the other, whether we argue from the letter, the allowed import of the contract, or from the consequences which may follow ; for what is the note when due, but an acknowledgment of so much in hand belonging to the payee ? What is the endorsement but a bill to pay such amount to the endorsee upon de • *202 mand ? What is the implied assurance on the part of thd endorser but that so. much money, subject to his disposition, is still in the hands of the maker, notwithstanding the tíme of payment is passed.
If notice of the non-payment upon the demand made by the endorsee, be hot received, what must the endorser-conclude but that his money has-been disposed of according to order ; and if he be kept ignorant of the refusal to pay, may he not be put to the same hazard of loss, and is he' not lulled into the same security as other drawers who receive no notice ? Surely he is in the same situation. The holder may suspect that he is not to trust to the maker’s punctuality, but the endorser assures him he has still only to demand the money; and if the holder accepts the endorsement or bill, he is in the situation of other holders.
The error appears to me to arise from supposing the er.~~ dorsement to mean that the maker is to pay according to the tenor of the note, which is impossible; because the time of payment is already past; whereas the meaning of the endorsement is to pay the amount acknowledged to be due, when called for thereafter by the endorsee'.
In a word, the- endorsement is as a new bill, and the holder looks at the note but to ascertain the amount, and to shew that it has been already accepted.
It is as if a bill were upon a factor for all the money he has in hand ; resort must be had to his books, or any acknowledgment by him to ascertain the amount due; but the bill itself is, in other respects, like every other bill which is payable on demand.
The motion is granted.
Justices Colcock and Gantt, concurred.