THE STATE *vs.* JAMES McLERAN.

*Caledonia. March, 1826*

The severing an endorsement from a note, and leaving the note entire, is not a forgery, within the meaning of the statute for the punishment of high crimes and misdemeanors.

But, it is nevertheless a misdemeanor at common law, and may be punished by fine and imprisonment.

An indictment, charging the offence as a forgery under the statute, held good as an indictment for a misdemeanor at common law, and the words *contra formam statuti*, treated as surplusage.

THIS was an indictment for forgery, under the statute, consisting of five counts. The first count was in the words following.

*Stat. p. 256, ch. 31, §19*

The grand jurors, &c. present, that James McLeran, of, &c. on, &c. with force and arms, at, &c. did wittingly, falsely, and deceitfully, forge and alter, and did procure to be forged and altered, a certain promissory note, of the tenor following, that is to say—

"Barnet, August 21, 1821.

"For value received, we jointly and severally promise to pay *James McLeran*. or his order, sixty dollars, to be paid in beef cattle, the 1st Oct. 1822, or grain, the 1st January, 1823, with interest.

EPHRAIM CHICK,
ROBERT MORRISON.

Attest, HARVY S. ROBINSON."

On the back of which promissory note, was then and there endorsed twenty dollars, in part payment thereof. And the said *James McLeran*, said endorsement then and there being on the back of said note, and the balance of said note being then and there due, and no more, with force and arms, wittingly, falsely and deceitfully, did alter said note, by then and there wittingly, falsely and deceitfully separating said endorsement from said note, with intent to defraud and deceive the said *Ephraim Chick and R. Morrison*, to the great damage of the said *Chick and Morrison*, to the evil example of others in like cases offending.

contrary to the form, force and effect of the statute, in such case made and provided, and against the peace and dignity of the state.

The *second* count charged the forgery, as consisting in the *alteration* of the *endorsement*, by severing it from the note.

The *third* count, after setting forth the note and endorsement, treated them as constituting an *obligation in writing*, for $40, and charged the forgery to consist in altering the said obligation by severing the endorsement from the note.

The *fourth* count treated the *note* at an *obligation in writing*, with an endorsement upon it, and charged the forgery to consist in an alteration thereof, by severing the endorsement from it.

The *fifth* count charged the respondent with having *uttered and published*, as true, the said altered obligation.

To this indictment there was a general demurrer.

*Paddock*, in support of the demurrer. The offence charged, is not within the statute.

It is necessary so to frame an indictment, as to bring the offence clearly within the statute.—*1 Mass. Rep.* 517, *Commonwealth* vs. *W. McMonagle.*

No intendment or conclusion will make good an indictment, which does not bring the fact prohibited or commanded, in the doing or not doing of which the offence consists, within all the material words of the statute.—*2 Mass Rep.* 131, *Commonwealth* vs. *J. Morse.*

The offence is, to "forge, or alter."

To "forge" is to form new, that which before had no existence; hence the necessity of introducing the word "alter" into our statute. An altered note is not a forged note, the note having had an existence before the alteration.

The question then is, did the defendant alter the note; it is denied that he did, for the endorsement of part payment on the back of the note, is no part of the note.—*2 Mass Rep.* 397, *State* vs. *Ward.*

A note is an entire thing, a promise in writing, made by the signer to the payee for a certain sum of money at a time stipulated, and if payable in produce, is not a note within the letter of the law.

It is the evidence of the payee or his assigns, and to operate on the maker.

An entry of part payment on the back is no part of the note, but collateral thereto, and is the evidence of the signer, and to operate upon the payee or his endorsees.

It does not alter the case, calling it an obligation in writing, as in the third and fourth counts, for the same reasons as in case of a note; and for a further reason, that the instrument is not an obligation.—*Shep. Touchstone,* 367–8.

It is not "forging or altering" an endorsement on the note, for an "endorsement" of a note is to transfer it to another. To *endorse* is to transfer a general or limited interest in the thing en-

dorsed. It is a mercantile phrase, expressive of a transfer, and so treated in the statute, *Ch.* 31, *Sec.* 19.

Further, it would be a subversion of language to call it an alteration. It is understood, when a thing is altered, that it assumes a shape or character different from that which it was altered from. But what form or character can a thing assume, which is itself destroyed?

It has been said, that the note set forth, with the endorsements, or in other words, the offence charged, fell within that clause of the statute, "forging or altering the evidence or assurance of money or other thing whatever." It is a sufficient answer, that there is no count in the indictment, charging the "forging or altering the evidence or assurance of money." And "the other thing" yet remains to be brought forth by our legislature, and christened, before it can be recognized by courts as legitimate.

In all offences created by statute, the indictment ought to charge the offence in the words of the statute.—*Commonwealth* vs. *McMonagle*, 1 *Mass. Rep.* 517.

Therefore, the other limb of the statute—"any acquittance or receipt for money, goods, or other things," cannot aid the indictment.

*Fletcher, State's Attorney*, contra. He acknowledged that he found difficulty in charging this offence, and bringing it within the statute. He contended, however—1. That the note and endorsement constituted but one instrument, previous to the act of the respondent, to wit, an obligation for the balance. 2. That the expression "*on* them," in the statute, has reference to the evidence of part payment. If an assignment had been intended, the expression *of them* would have been used. 3. That the fifth count is good, in that it charges the *uttering and publishing, as true*, an altered obligation.

The opinion of the Court was delivered by

HUTCHINSON, J. This is an indictment consisting of five counts, each attempting to charge a forgery under our statute, page 256 of the new compilation. Some counts treat it as the forgery of a note ; some as the forgery of an endorsement upon a note. Each concludes *contra formam statuti.*

It is to be inferred from all the counts, that the act intended to be punished, was the cutting from a note of sixty dollars, a part of the paper on which was written an endorsement of twenty dollars, and then treating the note as if the whole sixty dollars were yet due.

To the whole indictment the respondent has demurred.

The briefs and arguments on the part of the respondent, aim to evince, that the act complained of in the several counts is not forgery within the statute. And of this opinion are the Court. Nothing must be construed to be within a penal statute, but what is fairly within it. The section of the statute which is relied upon for the support of this indictment, is composed of

particulars, in its description of the offence, and the case before us is not among those particulars. It is a case omitted. That which is called a note, in the statute, can only mean all that which, connected together, composes the promise or liability from the payor to the payee; and the making or altering any material part of this is termed forgery by the statute. The words *assignment* or *endorsement* in the statute, are used as synonymous, and mean a transfer. But if they meant an endorsement of payment, still it is the making or altering them that constitutes forgery. So of the expressions *acquittance* or *receipt* for money or other thing, if they would comprehend the endorsement of payment; still it is the making or altering the same that constitutes forgery. The severing such endorsement already made, is a different act. It leaves the indorsement legible, consisting of the same words and letters as before severed. In short, it is not one of those acts pointed out in the statute to be punished as forgery. But this same act is as great a crime against publick justice, and the publick peace, as those forgeries that are clearly within the statute. It is as great a crime *in foro conscientiæ*. It is an act *mala in se*. It is a crime at common law. The *contra formam statuti* may be treated as surplusage throughout the indictment, and it will remain a good indictment for a misdemeanor at common law. See 1st of *Chitty's Criminal Law, p. 238—290th marginal page.* Were the act complained of an offence only as made such by statute, this indictment could not be supported upon the above principle. But this principle applies to all offences against government, against publick justice, or acts of extortion, &c.

> Let judgment be entered, that the indictment is sufficient as an indictment for a misdemeanor at common law.

N. B. The respondent has since been tried upon this indictment, as for an offence at common law, and convicted, and sentenced to pay a fine and costs.

*Isaac Fletcher,* states' attorney.

*Ephraim Paddock,* for the respondent.