NEW YORK,
May, 1827.

Southwick
v.
Hayden.

---

## *SOUTHWICK against HAYDEN.                [*334]

ON error from the C. P. of Wayne county. The cause came there on appeal from a justice's court; where Hayden declared against Southwick on a receipt signed, "Nathan Pierce, for Chad. Southwick," for 1428 bushels of C., at 28*s.* per hundred. Judgment for Southwick, whence Hayden appealed to the C. P., where a bill of exceptions was taken by Southwick, upon which he brought error to this court; and which presented these facts:

The plaintiff below examined four witnesses, one of whom was Nathan Pierce, who received certain coal for the defendant below, which was intended by the receipt. He swore, that some time after they were received, he gave the receipt. No objection was taken to this testimony, till after the examination was closed, and the plaintiff below rested. The defendant then moved for a nonsuit, on the

*Margin note:* Though a plaintiff goes through with his proof without objection, and rests his cause, if among other things he has proved, by parol, a piece of written evidence, which should be produced, it is not too late to object that the writing should be produced.

Where a justice returned a document to the clerk's office, with the papers, on appeal, and the clerk took out of a pigeon hole where such papers were usually kept, a bundle which he supposed to contain all the papers, and the document was not among them; but he made no search for the document; *held*, that this was not sufficient proof of loss to warrant parol evidence on that ground.

But the action being for goods sold, and the document being a receipt for the goods; *held*, that it need not be produced, but that the delivery might be shown by parol; and that the contents of the receipt might be proved by parol, without accounting for its absence in any way.

Proof of a sale of goods, or payment of money, may be made by parol, though there be a receipt, without accounting for its absence; for parol proof is of as high a nature as the receipt.

A receipt may be proved by parol, without any account why it is absent.

NEW YORK, ground that the receipt had not been produced. The
May, 1827. justice then testified, that he returned it to the clerk's
Southwick office with the other papers; and the clerk testified, that he
v.       took a bundle from the pigeon hole where papers relating
Hayden.  to appeals were kept, which he supposed to contain all the
papers returned in the cause; but the receipt was not among
them. That it was possible it might have been left, though
he supposed he brought all the papers. It sometimes hap·
pened that a paper was put in a wrong pigeon hole. He
made no search for the receipt.

The court decided, that the objection of the defendant
below came too late; but, that if made in time, sufficient
proof had been given of the loss. The defendant below
excepted. Judgment for the plaintiff below.

[*335]

*G. H. Chapin*, for the plaintiff in error, cited 1 Phil. Ev.
399, in the notes; 1 Esp. Rep. 355; 3 John. 300; *2 South.
Rep. 773; 15 John. 286; 4 M. & S. 48; 4 Cowen, 483.

*S. Dickenson*, contra, cited 3 Caines, 152, 186, 219; 5
John. 122; Laws, sess. 47, page 296; 2 John. 378; 5 id.
68; 3 id. 319; 4 Cowen, 355; 1 Ph. Ev. 78, 79; 3 id. 430;
9 John. 146; 2 John. Cas. 488; 8 John. 149.

*Curia, per* WOODWORTH, J. I think the objection made
by the defendant below was not too late. It was taken be-
fore the defendant offered any evidence. If the plaintiff
produced the receipt at any time before he rested his cause,
it was sufficient. The defendant, therefore, might well
defer his objection, until the plaintiff had closed his testi-
mony. If it was necessary to produce the receipt, or ac-
count for its loss, the plaintiff has failed. There is not
proof of diligent search in the clerk's office. For aught
that was shown, it may remain there; as it appears to be
satisfactorily made out, that the justice returned it to the
office with other papers.

It seems to me, however, that parol evidence was com
petent. The receipt was only matter of evidence. Although
the declaration says the plaintiff declared on the receipt, it
must be understood as a declaration for coals sold and de

livered. The receipt was not the contract; but evidence to support it. Now, although a written contract cannot be varied or proved by parol, I apprehend that this rule is not applicable, in its full extent, to a receipt given on the delivery of money or articles. In the case of *Toby* v. *Barber*, (5 John. 72,) the court say, " it has been repeatedly held in this court, that a receipt is an exception to the general rule, that a writing cannot be explained or contradicted by parol." Receipts are not conclusive; but open to examination. In the case cited, parol evidence was admitted to show that the receipt, though purporting to be in full, was founded partly on a note, which had not been paid; and consequently was no payment of the demand; there being no agreement to take it as such. It may, therefore, be laid down as undoubted *law, that parol evidence is admissible to explain or contradict the terms of a receipt. If this is so, it cannot be correctly said, that a receipt falls within the rule, requiring the best evidence the nature of the case admits of, to be produced. It must be only on the ground that the receipt was the best evidence, that the objection can be sustained; but how can that be called the best evidence, which is itself liable to be destroyed, and done away by parol evidence?

[*336]

The plaintiff was, therefore, not bound to produce the receipt. In this case, the parol evidence was peculiarly necessary and proper; for the receipt, had it been given in evidence, was unintelligible without the aid of parol testimony; it appearing by the justice's return, that it was given for a number of bushels of C. The evidence shows coals were intended.

I am of opinion, that the judgment of the common pleas be affirmed.

Judgment affirmed.