# Case No. 12,949.

## SLOCOMB et al. v. LURTY et al.

### [1 Hempst. 431.] 1

### Circuit Court, D. Arkansas. June, 1841.

PAYMENT — BY DRAFT — PRINCIPAL AND AGENT — ASSUMPSIT—NEW TRIAL—COSTS.

1. A draft of a third person does not discharge the original consideration, unless it is received unconditionally as payment.

2. Consent may be implied from circumstances and from silence.

3. Where H. drew a draft as agent for L. and B., to cover the purchase-money for goods, and the latter persons received the goods, and refused to pay the draft, on the ground that H. was not authorized to draw it. *held*, that the plaintiffs may abandon the counts in the declaration on the draft, and recover the value of the goods on the common count, for goods sold and delivered.

4. A verdict against evidence will be set aside and a new trial granted, the costs to abide the event of the suit.

Assumpsit [by Cora Ann Slocomb, Robert Richards, and Romanzo Montgomery against Beverly H. Lurty and Reason Bowie.]

F. W. Trapnall and John W. Cocke, for plaintiffs.

A. Fowler, for defendants.

OPINION OF THE COURT (JOHNSON, District Judge). This was an action of assumpsit brought by the plaintiffs against the defendants, upon a bill of exchange, for goods sold and delivered, and on an account stated. The defendants filed the plea of nonassumpsit sworn to, the effect of which was to deny the execution of the bill of exchange as well as the whole cause of action.

It may be admitted that the plaintiffs failed to prove the execution of the bill of exchange, and cannot recover upon the counts founded upon it. Can they recover on the evidence on the count for goods sold and delivered? From the evidence it appeared that John J. Bowie, as the authorized agent of the defendants, purchased the goods from the plaintiffs, and the defendants afterwards received the goods. John J. Bowie expressly stated that Littlebury Hawkins did not assist him in purchasing the goods; he alone purchased them for the defendants, as their authorized agent. He also stated that when he purchased the goods from the plaintiffs, he perhaps told them that he was doing business for the defendants; but informed them that Hawkins was to pay them by a draft on Turman, Curdy & Co. He further stated that he believed that the draft declared on was drawn by Hawkins in liquidation of the amount of the purchase-

money of the goods, and that he was present at the time; but did not know that Hawkins signed any other name than his own. It is, then, apparent from the evidence of John J. Bowie, that he, as the authorized agent of the defendants, purchased the goods from the plaintiffs, and at the time informed them that Hawkins was to pay, by a draft on Turman, Curdy & Co.; that Hawkins, in the presence of John J. Bowie, did draw such a draft and deliver it to the plaintiffs; but that he drew it as agent of the defendants, and not in his own name. Bowie does not say whether Hawkins was to draw in his own name, or as agent of the defendants; but the latter in fact drew as agent of the defendants in the presence of John J. Bowie, and delivered the draft to the plaintiffs. It is highly improbable that John J. Bowie should have been ignorant of the character in which Hawkins drew the draft; but admitting that he was, still his presence gave sanction and approval to the bill of exchange as drawn by Hawkins. The plaintiffs received it with the approbation of John J. Bowie, because he was present; was cognizant of the matter, and did not object. [Bank of U. S. v. Lee] 13 Pet. [38 U. S.] 119; Allen v. McKean [Case No. 229]; 2 Starkie, Ev. 21.

Take another view of the case. Suppose the contract between the parties to be, that the plaintiffs would take the draft of Hawkins in his own name, as payment for the goods; does that discharge the defendants in case Hawkins does not give such a draft? I apprehend not. If Hawkins had given such a draft, and the plaintiffs had received it unconditionally as payment, it might have operated to discharge the defendants, whether the draft was afterwards paid or dishonored. 1 Salk. 124; 2 Ld. Raym. 929; [Sheehy v. Mandeville] 6 Cranch [10 U. S.] 253, 264; 5 Johns. 72; 9 Johns. 311. But there is no proof that Hawkins ever gave such a draft, and on the contrary there is full proof by John J. Bowie's deposition that Hawkins drew a draft as agent of the defendants, in their names and in the presence of John J. Bowie, and delivered it to the plaintiffs. This draft the defendants have refused to pay, and have denied the authority of Hawkins to draw in their names. There is full proof that the plaintiffs sold and delivered the goods to the defendants; and the latter having failed to show payment for the goods, it follows that they are entitled to recover on the common counts therefor. From the testimony it is clear enough that the goods were purchased on the credit of the defendants, and not on the credit of Hawkins, who cannot be held responsible for them, in any manner, or in any form of action.

I am satisfied that the verdict of the jury in favor of the defendant, is contrary to the evidence, and a new trial must therefore be granted, the costs to abide the event of the suit. Ordered accordingly.