Thurman, C. J.
The errors assigned amount in substance to-this, that the evidence did not support the action, and hence, Merrick’s motion for a new trial was improperly overruled, and the-judgment against him improperly given.
The special count in the declaration was upon the note as-altered, and as the court found for Merrick, upon this count, they *must have held that the alteration was made without his authority, and was never ratified by him. But whether the verdict for Boury & Sons, upon the common counts, was upon the note as-it existed previous to the alteration, or upon its consideration, the original indebtedness, does not appear by the record. Let it have been upon either, or even upon the note in its altered shape, the-common counts were entirely sufficient, and the judgment can not. *66 be disturbed, unless tbe verdict was clearly against the evidence. Thus, if the verdict can be sustained only upon the grounds that the note was not taken in payment of the antecedent debt, and that the alteration was made without any fraudulent purpose, it must be presumed, upon a petition in error, that these facts were found by the court, and this finding will not be disturbed merely because we might doubt its correctness. The findings of a court, when substituted for a jury, are entitled to the same consideration as the verdict of the latter; and it is well settled that a verdict will not be set aside upon the ground of an erroneous finding, unless it is clear that such is the case. We are inclined to think, however, that there is no necessity, in the present case, for an application of this rule; for we can hardly say that the testimony would warrant a finding that the note was taken as payment, and as to the alteration, we see no reason at all to believe that it was made with a fraudulent intent.
In Porter v. Talcott, 1 Cow. 380, it is said: “ The law is well settled, that a note given by the debtor for a precedent debt, is no payment of the original demand, unless it is expressly agreed to receive it in payment;” and this is the doctrine of very many cases. See Tobey v. Barber, 5 Johns. 72, and the cases there cited. In Johnson v. Weed, 9 Johns. 310, it was held, that the agreement must be “ clear and special,” otherwise the paper will be no payment. y,
On the other hand, it has been ruled, that “ the object of giving a note may as well be ascertained from circumstances as from an express agreement.” Riley & Van Amringe v. Anderson, 2 McLean, 594, *and the same doctrine is asserted in Story on Promissory Notes, sec. 104.
But whatever may be the law of evidence, nearly all the cases concur in holding that it is only by force of an agreement of the parties, that the giving of an unsealed note by the debtor will be a payment; that the burden of proof is upon the debtor, who must establish the agreement clearly; and that the question whether there was such an agreement is one of fact, to be determined by the jury.
How then stands the present case ? It is not pretended that there was any proof of an express agreement that the note should be payment, and we think it must be held that it is not clearly inferable from the circumstances. From what can it be inferred ? *67 The answer of counsel is: “ That the plaintiffs proposed to extend the credit to December 22, 1851; to. this the defendant acceded, and sent them his negotiable note, payable at that time for a less sum than the plaintiffs claimed to be due, stating in his letter that he would pay that sum in full of account, if the plaintiffs, chose to' call for his note, and no more. The plaintiffs received the note,- and say, in a letter subsequently written, “we have passed it to your credit.”
That there was an extension of credit, as here supposed, is not clearly established by the testimony, for it does not appear when the original indebtedness was payable, nor that it was payable before the time fixed for the maturity of the note. But let that be granted, and it by no means (.follows, as a necessary consequence, that the note was taken in payment. Speaking upon this point the Supreme Court of New York, in Tobey v. Barber, supra, said: “ He [the "creditor] is not obliged to sue upon it [the note]. He may return it when dishonored, and resort to his original demand. It only postpones the time of payment of the old debt, until a default be made in the payment of the note.” And in Clark u. Young, Crancb, 181, it was held that “ it was not necessary for the plaintiff to offer to return the note, to entitle him to bring suit for the goods sold.”
*That the note was negotiable is a circumstance entitled to no weight in this inquiry. In almost eyery case of this nature, to be found in the books, the note or bill was negotiable. ' ■ ‘
That it was for a smaller sum than the creditors claimed, is undoubtedly true, but that it was for less than the amount actually due, does not appear. It was for precisely the amounDwhich the plaintiff in error said was “ the balance due,” though he thought it too large “ in justice or equity by $150.” What significance, then, has the fact that it was for less than the amount claimed ? Plainly no more than this, that the creditors agreed to accept the sum admitted to be due. It has no bearing upon the question whether they agreed to take the note in payment of that sum.
But were it admitted that the note was for less than the actual indebtedness, it was for the court, to whom the cause was submitted, to decide whether there was an accord and satisfaction that extinguished the original debt, or whether the creditors merely relinquished a part of their claim, and took the note as a collateral security for the residue; and if were of the latter we *68 mot say, upon the testimony, that they were clearly in the wrong.
That the note was “ passed to the credit” of the maker — by which we understand that it was put to his credit on the creditors’ books— is, in our judgment, a very slight circumstance; and just what usually takes place when a note is given to a merchant, A receipt ■in full of the original account is a much more pregnant instrument, and yet that is not conclusive that payment was made (5 J. E. 72), It may be sufficient to shift the burden of proof to the creditor, and possibly would have done so in this case had the receipt that was given been produced. But it was not produced, and therefore Boury .& Sons were under no necessity of explaining it; indeed, its non-production by Merrick raises a presumption that its terms were -unfavorable to his defense.
Upon the whole, as before said, there was no proof of an *express agreement that the note should be payment, nor can such an ¡agreement — or, what is substantially the same thing, an aecox-d and ¡satisfaction that extinguished the precedent debt — be clearly inferred from the circumstances of the case. It follows, that a judgment might well be rendered upon the original indebtedness, unless the .alteration of the note not only destroyed it, but also the original cause of action. That it had that effect, is ably contended by counsel, and, in support of his point, he cites the following authorities; Master v. Miller, 4 D. & E. 329; Alderson v. Langdale, 3 Barn. & Adol. 660 ; Martindale v. Follett, 1 N. H. 95 ; Whitmer v. Frye, 10 Missouri, 348; Newell v. Mayberry, 3 Leigh, 250; Mills v. Starr, 2 Bailey, 359; and Waring v. Smith, 2 Barb. Ch. 119.
The case of Master v. Miller is not in point. It was an action by .an indorsee against the acceptor of a bill of exchange, which had been materially altered while in the hands of the payees, and before the indorsement.
The main question was, whether the rule that an alteration, in a material part, of a deed, avoids it, applied to instruments not under” ¡seal. And the court held that it did. Kenyon also held that the plaintiff could not recover upon the ground of money paid by the payees to the acceptor, or had and received by the latter for the use ■of the former, because such a right of action was not assignable-He intimated, however, that possibly an action might be framed to .give the plaintiff some remedy. Grose, J., thought there could be no recovery upon the general counts, “because it is not stated as a *69, 70 fact in the verdict that the defendant received the money, the value-of the bill.” Ashhurst, J., expressed no opinion on this point, while Buller, J., maintained, that the plaintiff was entitled to recover, either on the bill in its original shape, or on the money counts.
The case of Alderson v. Langdale was this: “The vendee of goods paid for them by a bill of exchange drawn by him on a third ^person, and after it had been accepted the vendor altered the time of payment mentioned in the bill, and thereby vitiated it. Held, that by so doing he made the bill his own, and caused it to operate as a satisfaction of the original debt, and that consequently he could not recover for the goods sold.” The court likened the case to that in which the holder of a bill “ makes it his own by laches, as by not presenting it for payment when due,” and upon that principle held that the plaintiff could not recover. It is very evident, therefore, that the ground of the decision was the injury done to the drawer by the release of the acceptor, and that ground is no doubt quite sufficient. But here no third person has been released, and no-injury is done to Merrick by compelling him to pay what he justly owes.
In Whitner v. Frye, the alteration was of a bond. Of course there was no original cause of action to fall back upon. If a precedent debt formed the consideration of the bond, it was merged in it, because it was under seal. If there was no precedent liability, then the bond created the only liability that ever existed, and that being avoided by the alteration, there could be no recovery.
The same remarks apply to the case of Waring v. Smyth, in which the alteration was of a bond and mortgage; and to Miller v. Starr, in which a note under seal was altered.
The cases of Newell v. Mayberry, and Martendale v. Follett, in effect decide nothing more than that where a written contract has been fraudulently altered, the party guilty of the alteration can not recover upon the contract as it existed before it was altered. Neither-of them was a case where there was a precedent liability; in each, case the only contract between the parties was the written one that, was altered, and that being vitiated by the alteration, it was very properly held, that there could be no recovery. It is nof to be-denied, however, that the language of the judge who delivered the opinion in Martendale v. Follett, goes somewhat further, and, unless-restricted to the facts of that case, *might seem to support the-present defense. But before we yield our assent to a decision that *71 is not binding upon us as authority, we must be satisfied of its correctness, and if this is true in respect to decisions, a fortiori is it. true in regard to dicta.
It is thus apparent that neither of the cases cited by the plaintiff in error is directly in point, and to the reasons already given why they are not so, may be added another, namely, that in neither of them was the presumption of & fraudulent alteration rebutted by the: proofs.
But the case of Atkinson v. Hawdon, 2 Add. & Ell. 628, 29 Eng. Com. Law, 169, is directly in point, and fully sustains the judgment, under consideration. It was an action of assumpsit by vendor-against vendee, and the declaration contained two counts, one upon a bill of exchange that had been given by the vendee for the price ■■ of the goods, and the other for goods sold and delivered. The bill, had been materially altered by the payee, the vendor, without the privity or assent of the drawer, the vendee. Held that the bill was. thereby vitiated, but that the plaintiff was entitled to recover upon, the common count.
This ease was approved and followed by the Supreme Court of New York, in Clute & Bailey v. Small, 17 Wend. 238, the court, adding, however, that “for aught that appeared, the alteration was. made under an honest mistake of right.” And this qualification the court appears to have thought was necessary, holding, it would seem, that when the alteration is in fact fraudulent there ought to-be no recovery, but that when made without any fraudulent purpose there may be a recovery upon the original cause of action.
We have no hesitation in going to this extent, and upon principle, do not see how it can be avoided. It is difficult to perceive-how the destruction without fraud, of a mere security given by the-debtor himself, and the destruction of which can in no event prejudice him, can operate to discharge the precedent debt. Inasmuch, then as we are well satisfied that the alteration ini ^question was made under an honest mistake of right, we are of the opinion that the plaintiffs below were entitled to recover, upon the original cause of action, the amount admitted to be due and for which the-note was given. Whether they could have recovered upon the note-as it existed before the alteration, is a question upon which wo express no opinion. Many authorities are cited by the defendant in. error to show that, as the alteration was not fraudulent, there could: be such are covery, but it is unnecssary to consider them. It may/ *72 .be as well to remark, however, that tampering with a security, however honestly, is a dangerous thing, and ought not to be en- . couraged.

Judgment affirmed.