THE COMMERCIAL BANK OF ALBANY *v.* MERRITT CLARK.

*Written admission.    Evidence.*

A written admission by the endorser of a bill or note, that he received due notice of its dishonor, though strong evidence, is not *conclusive* of the fact against him. He may show that the paper was signed under a misapprehension or mistake as to the bill or note referred to, and that no notice of the dishonor was, in point of fact, given.

Such a writing, in the present case, *held* not to operate either as an admission for the purpose of a trial, as a contract, or as an *estoppel in pais*.

ASSUMPSIT upon a bill of exchange against the defendant as endorser.  Plea, the general issue; trial by the court, September Term, 1855,—PIERPOINT, J., presiding.

The plaintiff introduced the bill of exchange counted upon, with the notarial certificate of protest, together with a writing signed by the defendant, of which the following is a copy, viz:

"COMMERCIAL BANK OF ALBANY *v.* M. CLARK. *Rutland* "*County Court*, Sept. Term. June 6, 1855. I, Merritt Clark, de- "fendant in the above entitled cause, acknowledge and say that I "had legal and due notice by mail of the protest of non-payment "of the bill of exchange or draft described in the above entitled "cause, and on which I am an endorser, with other endorsers on "same bill."

It appeared that the foregoing admission of the defendant was drawn up by the attorney for the plaintiff, and enclosed to the defendant in a letter, of which the following is a copy,

"M. CLARK, Esq.: *Dear Sir:*—If the enclosed admission is "signed by you, it will save cost and trouble of taking testimony "in N. Y., to prove notice. If declined, I am going to N. Y. last "of next week, and shall issue notice of the time and place, &c., "of taking the deposition, to prove notice to you 'as endorser. * *

"Respectfully yours."

and that, in answer to said letter, the admission was returned, signed by the defendant.

The defendant offered testimony to show that said writing was signed by him under a misapprehension of the facts, and that, at the time he signed it, he had in his mind a different draft from that described in the writ, and that no notice of the protest or non-pay- ment was ever sent to or received by him; and offered to accom- pany this with proof that immediately upon discovering his mis- take, he informed the plaintiff's attorney thereof, both by letter and verbally, and that he should not abide by the concession or admission, and that he withdrew it.

To this testimony the plaintiff objected, on the ground that, whether true or not, the defendant was concluded by his written concession, and could not thereafter show the fact to be different. This objection was sustained by the court, and the testimony ex- cluded. Judgment for the plaintiffs. Exceptions by the defendant.

*C. L. Williams* and *L. C. Kellogg* for the defendant.

*B. F. Langdon* and *E. N. Briggs* for the plaintiffs.

The opinion of the court was delivered by

Isham, J. The bill of exchange, on which this action is brought, was duly protested for non-payment. The notice to the defendant, as endorser, of its dishonor, was proved on the trial of the case by his written acknowledgment, in which he admitted that he did receive due and legal notice of the protest and non-payment of the bill. That acknowledgment was full and strong proof that such notice was in fact given to the defendant, and it is not competent for him to avoid or weaken the effect of that admission, by notifying the plaintiffs that he should not abide by that statement, and that he withdrew it. It will always be evidence against him whenever the question arises whether he had notice of the dishonor of that bill. The question in the case now arises, whether that admission is conclusive upon the defendant; or whether it is competent for him, on the trial of the case, to introduce testimony to show that it was made under a misapprehension of facts, and with reference to another bill of a similar character. That testimony, in connection with evidence showing that, in fact, no notice whatever was ever given to the defendant of the dishonor of the bill, was offered and rejected by the court. It is insisted that the testimony offered was inadmissible, as the written admission was made for the *purpose of a trial,* and that it is, for that reason, conclusive upon him. On this question, it is sufficient to observe, that the cases on that subject have no reference to admissions made *out of court,* though they were made with the understanding that they would be used as evidence, on the trial of a particular case. Those admissions only are referred to, which are made by a party, or his attorney, *during the progress of a trial,* and as a substitute for legal evidence. Admissions of that character, as a general rule, will be conclusive, for that trial at least, as they become a part of the record of the trial. The same rule may apply to admissions made out of court, when they are entered, as is sometimes practiced, upon the calendar or records. 2 Phil. Evid. by Cowen, 200; note 192. When the admissions are not of that character, and he is in no way concluded by the records of the case, they are not rendered conclusive upon him, *as being admissions made for the purpose of a trial.* The acknowledgment, in this instance, is not of that character, and does not fall within that class of cases, as they are recognized in this state.

It is very clear, that the testimony offered by the defendant, is not objectionable as contradicting or in any way affecting a written contract or writing. If this written acknowledgment contained any provisions placing it in the light of a written contract of the parties, the objection would merit a different consideration. But it is not of that character. It has none of the elements of a contract, nor was it designed for one. It is merely an admission that notice had been given, the same as a receipt is an acknowledgment of a settlement in full, or of a receipt of money for a particular purpose; or endorsements upon a note, which are written acknowledgments that so much has been paid. In all these cases, the authorities are uniform, that, if the receipt or the endorsement was made by mistake, and under a misapprehension of facts, though they are evidence against the party, yet, they may be explained, controlled and contradicted by parol evidence, and the mistake of the party corrected, and the truth given in evidence. 1 Aik. 311; 2 Vt. 138; 9 Vt. 41; 5 John. 68; 1 Greenl. Evid. § 305.

There is nothing in the case, as it now stands, that renders that testimony inadmissible, on the ground that the written acknowledgment operates as an *estoppel in pais.* That doctrine applies in cases of fraud, where some act has been done, or statements made, with a fraudulent intent, and with a view to induce a line of conduct which otherwise would not have been taken, and from which advantages have been derived. When the case is destitute of those considerations, there is no ground upon which the application of that doctrine can be made. The doctrine was so held in the case of *Wakefield* v. *Crossman,* 25 Vt. 301. It was upon that ground the case of *Davis* v. *Burton,* 4 Car. & P. 166, was decided. The party in that case agreed to admit certain facts on the trial, and for that admission he was not to be held to bail. The admission was held conclusive, as it had induced a line of conduct which would not otherwise have been pursued; for, upon the strength of it, the right to insist upon bail had been surrendered. It was not a mere acknowledgment, but it assumed the character of an agreement or stipulation of the parties, and, therefore, the party was concluded by it. There is no pretence that this admission was made with a fraudulent intent, and from which the defendant has received any advantages. It was an admission against his interest, and designed for the accommodation of the plaintiffs. In the case

Commercial Bank *v.* Clark.

of *Heame* v. *Rugus*, 9 Barn. & C. 577, BAILEY, J., observed that, " there is no doubt but that the express admissions of a party to " the suit, or admissions implied from his conduct, are eveidence, " and strong evidence against him; but we think that he is at lib- " erty to prove that such admissions were mistaken or untrue, and " that he is not estopped or concluded by them, unless another per- " son has been induced to alter his condition by them." The case of *Jones* v, *O'Brien*, 26 Law & Eq. 283, is a direct authority on this subject. The question in that case was, whether notice of a dishonor of a bill had been given, and which was proved by a written promise to pay the bill. The defendant was permitted to introduce evidence showing that no such notice was given. He was not estopped from making that defense, by his promise. It may be true that the testimony offered in this case, as it was in that, may be insufficient to overcome the evidence of the written acknowledgment; but that relates to the credibility of the testimony, not its competency. It is proper evidence to be taken into consideration and weighed by the jury. In Byles on Bills, 350, it is said that, " after a bill is due, *a promise to pay it, or an admission of a liability upon it,* by a drawer or endorser, will be evidence not only that due notice of its dishonor was given, but that it was duly presented." The same rule applies, whether the promise to pay the bill, or the liability on it, was by parol or in writing. In either case, it is strong evidence of notice against the party making it; but the authorities are decisive upon the question, that it is competent for the party to prove that the promise, or admission, was made under a misapprehension of facts, and that, in fact, no notice of dishonor, was ever given. Story on Bills, § 320, and notes; Chitty on Bills, 535–539. In all these cases, the party is not concluded from introducing that evidence, on the ground that it contradicts any written stipulation, nor as a matter of estoppel.

The judgment of the county court must be reversed, and the case remanded.