## BRIGHT vs. JUDSON.

A bill of exchange payable in the city of New York, is, although it be drawn and accepted in the state of Indiana, a contract to be performed in New York, and is to be governed by the laws of that state.

Accepting a bill or note in payment of a precedent debt is not parting with value, so as to make the holder a *bona fide* holder for value.

If the acceptance of a bill is obtained by fraudulent representations, such fraud is a bar to a recovery upon the bill by any person not a *bona fide* holder for value.

Where an antecedent debt is evidenced by negotiable paper, it is not enough that new paper should have been received in payment and satisfaction of the old. To entitle the holder of the new paper to recover thereon, the old paper must be absolutely surrendered, before maturity, to the person from whom he receives the new paper.

THIS action was brought on a bill of exchange at ninety days, for $1200, dated at Indianapolis, Indiana, June 1, 1857, and drawn by Jno. W. Wright on the defendant, payable in New York to the plaintiff's order, and accepted by the defendant. The defense set up was that the acceptance was obtained by Wright from the defendant by fraud, and that the plaintiff is not a *bona fide* holder for value. The fraud in obtaining the acceptance was proved by the testimony of Judson, of the plaintiff, and by the receipt of Wright. The judge before whom the cause was tried, without a jury, found the following facts: 1st. That the bill of exchange mentioned and described in the complaint was made by John W. Wright, and accepted by the defendant, and afterwards delivered by said Wright to the plaintiff. 2d. That the said bill was so accepted by the defendant and delivered to the plaintiff before it became due, at Indianapolis, in the state of Indiana. 3d. That said bill was delivered to the plaintiff, and received by him in payment and satisfaction of a previous bill for about the same amount, drawn by the plaintiff on the said Wright, payable to the plaintiff's own order, which had been accepted by the said Wright, and which was about becoming due and payable, when the bill mentioned in the complaint was so delivered to the plaintiff. 4th. That

the bill, of which the bill mentioned in the complaint was so delivered in payment and satisfaction was payable at Cincinnati, and had been sent there for collection, when the bill mentioned in the complaint was so delivered to the plaintiff, and therefore was not delivered up to Wright at the time of the delivery of the bill mentioned in the complaint. 5th. The judge's conclusion from the evidence was, that the first bill so accepted by said Wright, either remains in the bank where it was lodged for collection, or soon after the delivery of the second bill, came into possession of the plaintiff, and was by him surrendered to Wright. 6th. That the first bill, so accepted by said Wright, was so accepted for and on account of moneys which the plaintiff had paid for said Wright as his surety or indorser. 7th. That the said John W. Wright, to induce the defendant to accept the bill mentioned in the complaint, fraudulently made certain false representations, substantially as alleged in the defendant's answer, and the defendant accepted the bill in consequence of such representations ; and that, therefore, as between the defendant and said Wright, the defendant's acceptance was and is void. 8th. That the plaintiff received the draft mentioned in the complaint in good faith, and without any knowledge or notice of such fraudulent representations.

The judge's conclusions of law, from the foregoing facts, were : 1st. That the plaintiff is, and should be considered to be, a *bona fide* holder of the bill upon which the action is brought, *for value.* 2d. That, therefore, the plaintiff having received the bill before it became due, is entitled to judgment for the amount of the bill with interest thereon, amounting to $1744.60, and costs.

Judgment having been entered in favor of the plaintiff, for that sum, the defendant appealed.

*J. L. Jernegan,* for the appellant. I. The acceptance was not taken in payment of the precedent debt. 1. The legal presumption is, that it was not taken as payment, and

Bright *v.* Judson.

the *onus* of establishing that it was so taken, is upon the party alleging it. (*Noel* v. *Murray*, 3 *Kern.* 167.) "It must be considered as settled by the adjudications in this state, that the notes of the debtor, or of a third person, will not be considered as any thing more than the conditional payment of an existing debt, unless it is proved that they were agreed to be taken absolutely as payment of such debt." (*Per Curiam* in *Van Eps* v. *Dillaye*, 6 *Barb.* 244, 252.) 2. Proof of an agreement between the parties that the acceptance should be received in payment of the previous bill, was necessary, in order to justify the finding of the learned justice. As authorities for this proposition I cite, in addition to the two cases above stated, *Tobey* v. *Barber*, (5 *John.* 68, 72,) where the court, in delivering its opinion, says : "It is a rule well settled and repeatedly recognized in this court, that taking a note, either of the debtor or of a third person, for a pre-existing debt, is no payment, unless it be expressly agreed to take the note as payment and to run the risk of its being paid ; or unless the creditor parts with the note, or is guilty of *laches* in not presenting it for payment in due time. It only postpones the time of payment of the old debt, until a default be made in the payment of the note." To the same effect are *Vansteenburgh* v. *Hoffman*, (15 *Barb.* 28 ; *Murray* v. *Gouverneur*, (2 *John. Cas.* 438 ;) and *N. Y. Exchange Co.* v. *De Wolf*, (3 *Bosw.* 86.) 3. Here was no proof of an agreement to receive the acceptance as payment ; on the contrary, such an agreement was expressly negatived ; (1,) by the fact that the first bill was not given up, (3 *Bosw.* 86 ;) and (2,) by the testimony of the plaintiff himself, who testifies that "there was no express agreement with Wright, in words, that the acceptance of Judson should be a payment of his former bill ;" that nothing " was said by Wright or myself [himself] as to the effect of the acceptance," and who admits that nothing was said or done at the time, except the single act of handing him the acceptance, which indicated that it was to be in payment of the previous bill.

II. If the plaintiff did not receive the acceptance *in payment* of the previous bill, then he is not a *bona fide* holder for value; for all the cases wherein a party receiving a bill or note in consideration of a previous indebtedness, has been held to be a *bona fide* holder for value, are cases where such bill or note has been received in payment, and not cases where the mere effect of receiving the bill or note was to postpone the time of payment of the original debt until default in the payment of the substituted instrument.

III. But even if the plaintiff received the acceptance in payment, he is not a *bona fide* holder for value.   1. The law as settled in the leading case of *Coddington* v. *Bay*, (20 *John.* 637,) is that the consideration which will protect the indorsee of negotiable paper against the latent equities of parties or third persons, must be something of value parted with or paid at the time in money, or in property — some responsibility incurred, or some right relinquished, upon the faith and credit of the paper.   This doctrine, as was observed by W. F. Allen, J. in delivering the opinion of the court in *Farrington* v. *Frankfort Bank*, (24 *Barb.* 554,) "is fully recognized in all the cases to be found in our books." The doctrine established in *Bay* v. *Coddington*, in 1822, was followed in the subsequent cases of *Wardell* v. *Howell*, (9 *Wend.* 170 ;) *Rosa* v. *Brotherson*, (10 *id.* 85 ;) *Ontario Bank* v. *Worthington*, (12 *id.* 593 ;) *Payne* v. *Cutler*, (13 *id.* 605,) and many other cases, for a period of twenty-one years ; when, in 1843, after the Supreme Court of the United States had, in the case of *Swift* v. *Tyson*, (16 *Peters*, 1,) adopted a doctrine adverse to that of *Bay* v. *Coddington*, the case of *Stalker* v. *McDonald*, (6 *Hill*, 93,) arose, and was carried to the Court of Errors, in the hope of obtaining from that tribunal a reversal of the doctrine previously established in this state.   That court, however, after a full review of all the leading authorities, both in England and America, reaffirmed the doctrine of *Bay* v. *Coddington*, with but a single dissenting voice.   Since that time, in

Bright *v.* Judson.

the language of Allen, J. *ubi supra*, "with the exception of the case of *White* v. *Springfield Bank*,(*a*) there has been no attempt to detract from the force of the case of *Bay* v. *Coddington*, or the leading opinion of the chancellor in *Stalker* v. *McDonald*." In the case of *McBride* v. *The Farmers' Bank*, (26 *N. Y. Rep.* 450,) the court say: "The decisions of our courts have been uniform from the time *Coddington* v. *Bay*, (20 *John.* 637,) was determined, that before the holder of a note can acquire a better title to it than the person had from whom he received it, he must pay a present valuable consideration therefor; and that receiving it in payment of, or as security for, an antecedent debt, is not such a consideration. (*Rosa* v. *Brotherson*, 10 *Wend.* 85. *Stalker* v. *McDonald*, 6 *Hill*, 93. *Youngs* v. *Lee*, 2 *Kern.* 551.) And we must follow these decisions, although they are in conflict with that of the federal court in *Swift* v. *Tyson*, (16 *Peters*, 1.")
2. The only other cases, so far as I am aware, where the question has been directly presented, and which have ever been supposed to conflict with the doctrine of *Stalker* v. *McDonald*, are *The Bank of Salina* v. *Babcock*, (21 *Wend.* 499;) *The Bank of St. Albans* v. *Gilliland*, (23 *id.* 311;) *Bank of Sandusky* v. *Scoville*, (24 *id.* 115;) *The Mohawk Bank* v. *Corey*, (1 *Hill*, 513,) and *Youngs* v. *Lee*, (2 *Kern.* 551.) But none of these cases are inconsistent with the previously established doctrine. (*a.*) In the first of these cases, securities held by the plaintiff had been cancelled, and an indorser discharged, or his liability rendered doubtful; in the second and third, the liability of the original debtor was discharged, and in the fourth, securities had been given up. (*b.*) Besides, all these cases, if inconsistent with the doctrine established by the Court of Errors in *Coddington* v. *Bay*, were overruled by the subsequent case of *Stalker* v. *McDonald* in the Court of Errors, where the original doctrine was reconsidered and reaffirmed. (*c.*) In *Youngs* v. *Lee*, the

(*a*) This is an error. *White* v. *Springfield Bank*, (1 *Barb.* 225,) was decided in accordance with *Stalker* v. *McDonald*.

authority of *Stalker* v. *McDonald* was expressly recognized, and the principle reaffirmed, that a new consideration must pass at the time, in order to constitute a person who receives a bill or note for a precedent debt, a *bona fide* holder for value. The language of the court is, "*Stalker* v. *McDonald* determines that one is not a holder for value in good faith, who receives paper as security for a precedent debt upon no new consideration passing at the time." And the court distinguishes this case from *Stalker* v. *McDonald* upon the ground that a new consideration *did* pass, and that this new consideration was the surrender and extinguishment of a previous note not due. See also, *Bank of State of New York* v. *Vanderhorst,* (32 *N. Y. Rep.* 553,) affirming the principle contended for. In that case, the note was taken as collateral security for another note, in place of an indorser, and the money was advanced on the other note on the faith of this collateral. 3. The general term of this district has, whenever the point has been directly presented, uniformly adhered to the law as determined in the cases of *Bay* v. *Coddington* and *Stalker* v. *McDonald.* Such were *Spear* v. *Myers,* (6 *Barb.* 445;) *Cardwell* v. *Hicks,* (37 *id.* 458,) and the still more recent case of *Chesbrough* v. *Wright,* (41 *id.* 28.) In the second of these cases, Mr. Justice Leonard, in delivering the opinion of the court, observes that "the holder can claim protection from the defense of a party whose note or other negotiable mercantile obligation has been obtained by fraud, only in case he has parted with some value, or suffered some injury, on the faith of it; and when the holder will lose no right of which he was possessed when he obtained the note, and will be fully reinstated if he fails to recover, he is not, in such a case, a holder for value, and the equities of the party whose note has been obtained by fraud will be preferred." 4. I have not succeeded in finding any general term case which contravenes the doctrine now contended for. *Stettheimer* v. *Meyer,* (33 *Barb.* 215,) and *N. Y. Exchange Co.* v. *De Wolf,* (3 *Bosw.* 86,) are in accordance with all the other decisions.

Bright *v.* Judson.

IV. As, in the case now under argument, the original bill was neither surrendered or extinguished, it does not fall within the exception in *Youngs* v. *Lee.*

V. No new consideration passed, in this case, at the time when the second bill was received, and, therefore, within the principle of all the cases, the plaintiff is not a *bona fide* holder for value. Wright was the acceptor of the first bill; there was no other party to it except the plaintiff, who was the drawer. Wright was also the drawer of the second bill. Bright, therefore, parted with no security, by taking the second bill, while he retained the liability of Wright upon both.

*Eaton & Davis,* for the respondent. I. The exception to the third finding of fact is not well taken. The finding is fully warranted by the evidence. So of the fourth and fifth findings of fact. The fifth finding is not material to the case, as the respondent claims no interest in the first bill. And if erroneously found, would not affect the validity of the judgment.

The fifth and sixth exceptions are not well taken. The eighth finding of fact is sustained by the evidence. The findings of the court upon questions of fact will not be disturbed, unless very clearly and palpably against evidence. (*Sinclair* v. *Tallmadge,* 35 *Barb.* 602.)

II. The conclusions of law found by the court necessarily follow from the facts as found. (*Montross* v. *Clark,* 2 *Sandf.* 115. *Noel* v. *Murray,* 13 *N. Y. Rep.* 167. *Farrington* v. *The Frankfort Bank,* 31 *Barb.* 183. *Edwards on Bills and Notes,* p. 321.)

III. The acceptance sued on was made and delivered at Indianapolis, in the state of Indiana. It is, therefore, very clear that the contract created between the plaintiff and the defendant, having been made in Indiana, is an Indiana contract, and is to be interpreted according to the laws of that state. (*City Savings Bank* v. *Bidwell,* 29 *Barb.* 325. *Jewell* v. *Wright,* 12 *Abb. Pr. R.* 55.) By the laws of Indiana the

---

---

fact that a bill or note is taken on account of a precedent debt, (*though not in payment,*) is no defense. The holder has the same remedy as if the bill or note was taken for a new consideration. The rule on this subject is clearly and explicitly laid down as here stated, by a decision of the highest court of that state. (*Vattel* v. *Mason*, 1 *Carter's Ind. R.* 288.)

IV. Assuming, for the purposes of the argument, that the draft in suit was taken by the plaintiff *on account* of the former indebtedness of Wright; even in that case, by the law of Indiana, the place where the draft had its inception, the judgment should be affirmed. The court at general term has a right to look at all the evidence, and sustain a judgment upon it, even if the facts were not deduced by the court below from the evidence. (*Higgins* v. *Moore*, 6 *Bosw.* 344, 351. *Sinclair* v. *Tallmadge*, 35 *Barb.* 602.) The appellant will not question that this draft was taken *on account* of the former indebtedness of Wright; he rather insists upon this interpretation of the evidence.

V. The judgment of the court below should be affirmed, with costs to the respondent.

MULLIN, J. The defendant, as acceptor of the draft in suit, was the principal debtor, and although he accepted in the state of Indiana, yet it was a contract to be performed in New York, and is to be governed by the laws of that state. (*Lee* v. *Selleck*, 33 *N. Y. Rep.* 615.)

The finding of fact that the bill was delivered to, and received by him, in payment and satisfaction of the bill not then matured, is not supported by the evidence. The delivery of a bill or note by a debtor, to his creditor, in payment of his debt, is not a satisfaction of the debt, unless it is expressly agreed between the parties that it shall be so received. (*Murray* v. *Gouverneur*, 2 *John. Cas.* 438. *Herring* v. *Sanger*, 3 *id.* 71. *Tobey* v. *Barber*, 5 *John.* 68. *Putnam* v. *Lewis*, 8 *id.* 389. *Cole* v. *Sackett*, 1 *Hill*, 516.)

In this case there is no agreement on the subject. All we have is that the bill was delivered to, and accepted by, the plaintiff, and he understood it was received in payment. This is not enough. If the former bill had been surrendered, there might be some ground for holding the first bill paid. But even that is not shown to have been done. The plaintiff has no recollection of remitting the bill to the drawer; and on the facts proved I think the bill is even now in the bank of Madison, or in the custody of the plaintiff himself.

It is too well settled to admit of doubt, even, at this day, that accepting a bill or note in payment of a precedent debt is not parting with value, so as to make the holder a *bona fide* holder for value. And not being such holder, the plaintiff is not entitled to recover, in this case. The acceptance is found to have been obtained by fraudulent representations; and this fraud is a bar to a recovery by any person not being a *bona fide* holder for value.

The judgment should be reversed, and a new trial granted; costs to abide the event.

SUTHERLAND, J. concurred.

CLERKE, J. It has been repeatedly held, from the time of the decision in *Coddington* v. *Bay,* (20 *John.* 637,) in this court and in the Court of Appeals, that before the holder of negotiable paper can acquire a better title to it than that possessed by the person from whom he received it, he must pay a present valuable consideration for it; and that receiving it in payment, or as security for, an antecedent debt, is not such a consideration. In *Cardwell* v. *Hicks,* (37 *Barb.* 458,) we decided, at the general term in this district, where a holder of a note received it partly in payment of a debt, and partly for cash, which he paid to the person from whom he received it, that he could only recover against the maker for the amount of the cash, and not for the amount of the antecedent debt. In *Youngs* v. *Lee,* (2 *Kern.* 551,) the

Court of Appeals held that a person who receives accommodation paper and surrenders the note of the person from whom it is received, before such note is due, is a *bona fide* holder for value. This latter case necessarily implies that where the antecedent debt is evidenced by negotiable paper, not surrendered, the person who receives the new paper is not deemed a *bona fide* holder for value. In the case before us, the court below finds only that the bill was received by the plaintiff in payment and satisfaction of a previous bill for about the same amount. The judge does not find that the previous bill was surrendered; and, indeed, there is no evidence in the case to that effect.

. I repeat, it is not enough that the new paper should be received in payment and satisfaction of the old. To entitle the holder to recover, the latter must be absolutely surrendered, before it is due, to the person from whom he receives the new.

The judgment should be reversed, and a new trial ordered; costs to abide the event.

Judgment reversed.

[New York General Term, June 4, 1866; *Sutherland, Clerke* and *Geo. G. Barnard,* Justices.]