HENRY FISHER *against* ROBERT SHARPE AND ANOTHER.

Between the original parties to a note, a partial failure of consideration may be set up as a partial defense.

One who takes a negotiable promissory note for an antecedent debt, and gives up no security, nor any legal rights, nor gives any extension of time, is not a holder of the note for value.

When a note is transferred before maturity by the payee to his debtor, on account of the debt, there is no presumption thereby raised that the debt was thereby extinguished, or an extension of time given to pay it.

APPEAL by defendants from a judgment of the Fifth Judicial District Court.

This action was brought on a promissory note for $200, made by the defendants to the order of Pardee & Co., and by them indorsed over to the plaintiff.

It appeared by the evidence that the defendants purchased from the firm of Pardee & Co. the lease, stock and fixtures of a grocery store, and gave the note referred to in part payment of the consideration, which it was agreed that they should pay for the same. Pardee & Co. thereupon transferred it to the plaintiff, in part payment of a pre-existing debt, which they owed him for a part of the same stock sold by them to the defendants. The facts relied on as a defense are stated in the opinion.

The justice rendered judgment in favor of the plaintiff.

*Thomas Darlington*, for appellants.

*John A. Dinkel*, for respondent.

LOEW, J.—It is well settled that in an action between the original parties to a promissory note, proof of the entire failure of consideration will be a complete defense ; but both the English and American authorities are very conflicting as to whether a partial failure of consideration may be shown for the purpose of reducing the amount sought to be recovered. The better opinion, however, as well as the more recent decisions, appears to be in favor of permitting it to be interposed as

a good defense *pro tanto* (*Sawyer* v. *Chambers*, 44 Barb. 42; *Spalding* v. *Vandercook*, 2 Wend. 431; *Peden* v. *Moore*, 1 Stew & Port. 71).

In the present case, the uncontradicted testimony of the defendant Sharpe shows that a large part of the goods was never delivered at all; that another portion was worthless, and that within a few days after they took possession of the store, they were compelled to remove therefrom and hire another one, at a greatly increased rent, because the landlord refused to consent to the assignment of the lease, unless he was paid $400. This consent it was the duty of Pardee & Co. to obtain before making the assignment (*Roberts* v. *Geis*, 2 Daly, 535). It thus appears that there was a failure of consideration exceeding in amount that of the note in suit. It follows that Pardee & Co. could not have recovered upon it, if the action had been brought by them.

Let us now inquire whether the plaintiff occupies a better position than Pardee & Co., as regard his right to maintain this action. He claims to be a *bona fide* holder for value. If such were the fact, he could undoubtedly recover. But to constitute one a *bona fide* holder of negotiable paper, he must not only have received it before maturity without notice that it is subject to some existing equity, but he must also either have given value for it, or else in consideration thereof, surrendered some subsisting security or parted with a valuable legal right, or incurred some new and distinct legal liability (*Lawrence* v. *Clark*, 36 N. Y. 128; *Traders' Bank of Rochester* v. *Bradner*, 43 Barb. 379). The plaintiff, it appears, has not complied with any one of these prerequisites. He simply received the note in part payment of a precedent debt. This did not make him a *bona fide* holder for value (*Lawrence* v. *Clark*, *supra*; *Bright* v. *Judson*, 47 Barb. 29). Nor did it operate as a discharge of the debt *pro tanto*. To have that effect there must be an express agreement between the parties, that it is to be received for that purpose (*Bright* v. *Judson*, *supra*).

It is, however, urged that the debt from Pardee & Co. to the plaintiff was due, and that the latter, before he received the note in suit, might have taken steps to compel payment there-

of. But by accepting it, his right to enforce payment from Pardee & Co. became suspended until the note, which had nearly a year to run, should mature. It is claimed that a valuable legal right was thus relinquished by the plaintiff, which under the decisions of the Supreme Court in *Burns* v. *Rowland*,(40 Barb. 368), and *Traders' Bank of Rochester* v. *Bradner* (*supra*), entitles him to a judgment. It is sufficient to say upon this point that there is not a particle of evidence in the case to show either that the debt from Pardee & Co. to the plaintiff was due at the time the note was transferred to the latter, as was the case in *Burns* v. *Rowland*, or an express agreement not to enforce acquired legal rights, such as was shown in *Traders' Bank of Rochester* v. *Bradner*.

The judgment must therefore be reversed.

J. F. DALY, J., concurred.

Judgment reversed.