## QUEENS COUNTY BANK, RESPONDENT, *v.* ELIZA M. LEAVITT, APPELLANT.

*Note of a wife made for the husband's accommodation — valid in the hands of a party discounting it for the husband.*

A note made by a married woman for the accommodation of her husband, and with knowledge of the fact that he was about to procure it to be discounted for his benefit, does not create a contract obligation between the husband and wife, and is a valid obligation as against the latter in the hands of a party by whom the same has been discounted.

APPEAL by the defendant Eliza M. Leavitt from a judgment, entered in the Queens county clerk's office on the 15th day of October, 1889, after a trial before the court and a jury at the Queens County Circuit, at which a verdict was rendered for the plaintiff for the sum af $2,899.50.

*C. A. S. Van Nostrand,* for the appellant.

*Nathan Bijur,* for the respondent.

DYKMAN, J.:

This action was brought upon a promissory note of which the following is a copy:

" $2,800.                          FLUSHING, *November* 5, 1888.

" Four months after date I promise to pay to the order of Rufus W. Leavitt, twenty-eight hundred dollars at the Queens County Bank, Long Island City, value received.

" In consideration of one dollar to me in hand paid, I hereby bind my separate estate for payment of the above amount.

" ELIZA M. LEAVITT."

At the time of the execution of this note the maker was a married woman, and the wife of the payee, Rufus W. Leavitt, and the note was made without consideration as between the husband and wife, and was made for the accommodation of the husband, and he indorsed the same and delivered it to the Queens County Bank for the purpose of taking up another note which the bank held against him, which was also made by his wife.

Upon the conclusion of the testimony at the trial the court directed a verdict for the plaintiff, and the defendant has appealed from the judgment entered thereon. We can discover no error. The note in suit was made with full knowledge of the use to which it was to be appropriated, and there is no claim interposed of any diversion of the paper. The note was made by the wife for the accommodation of her husband, and the existence of the debt from the husband to the bank was a sufficient consideration between them to sustain the transfer of the note to the bank. (*Schepp* v. *Carpenter*, 51 N. Y., 602.) Being an accommodation note it did not inure as a contract between them, because it had no inception until it was

discounted or taken by the bank in place of the old note. (*Bowery National Bank* v. *Sniffen*, 54 Hun, 394.) There never was any intention to create an obligation of the wife to the husband by the execution of the note in question, and the paper had no inception as a contract until the delivery of the same to the bank in payment of the old note. These remarks are made to show that chapter 381 of the Laws of 1884, respecting the capacity of married women to make contracts, and the reservation and proviso contained in the second section of that act can have no application to this action.

It was the evident intention of the defendant to become surety for her husband, and she had capacity and competency to enter into such obligations previous to the law of 1884, and her obligation thus assumed is valid and binding. (*Corn Exchange Bank* v. *Babcock*, 42 N. Y., 613.) We find no exception well taken and no error.

The judgment should be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs.