HARLEM RIVER BANK *v.* MEYER *et al.*

*(Common Pleas of New York City and County, General Term. January 4, 1892.)*

HUSBAND AND WIFE—CHARGE ON WIFE'S SEPARATE ESTATE.

    A married woman is not liable on her indorsement, without consideration, of a demand note made by her husband, and by him given, in payment of his antecedent debt, to one who does not, on the faith thereof, release any security or legal rights, or extend the time of payment of the debt.

Appeal from city court, general term.

Action by the Harlem River Bank against Carrie Meyer and Albert A. Meyer, on a promissory note. Defendant Carrie Meyer appeals from a judgment of the general term of the city court affirming a judgment of the trial term in favor of plaintiff. Reversed.

The action was upon a promissory note, as follows, the maker and indorser being husband and wife:

"$1.250.                                        NEW YORK, July 1, 1890.

"On demand I promise to pay to the order of myself twelve hundred and fifty dollars, at Harlem River Bank, value received.

"**ALBERT A. MEYER.**"

The note was indorsed: "**ALBERT A. MEYER.**     **CARRIE MEYER.**     Waiving demand and protest."

Argued before DALY, C. J., and BISCHOFF, J.

*M. H. Regensburger*, for appellant.     *D. McLean*, for respondent.

DALY, C. J.   The note which is sued upon was drawn by the husband of appellant to his own order, indorsed by him, and afterwards by her, without consideration, and was then delivered by him to the plaintiff, the Harlem River Bank, to which he was then indebted in the sum of about $1,200.   He says he gave it to the bank for that indebtedness,—to cover the balance he owed the bank.   As Mrs. Meyer received no consideration for her indorsement, and as no agreement or arrangement between her and her husband respecting the use of the note was valid or enforceable, (Laws 1884, c. 381; *Hendricks* v. *Isaacs*, 117 N. Y. 411, 22 N. E. Rep. 1029,) her contract as indorser must have its incipiency with some third person, for a valuable consideration, before it can be enforced against her.   If the bank had discounted the note for her husband, and he had received the proceeds, she might have been liable as contracting directly with the bank,—*Bank* v. *Sniffen*, (Sup.) 7 N. Y. Supp. 520: and so, if the bank, on the face of her indorsement, had released the indebtedness of the husband, or agreed to receive the note in discharge of such indebtedness, or had parted with some value for it, she might have been liable; but merely receiving it for an antecedent debt, as in this case, without giving up any security nor any legal rights, nor giving an extension of time, does not constitute the bank a holder for value.   *Fisher* v. *Sharpe*, 5 Daly, 214, and cases cited.   *Comstock* v. *Hier*, 73 N. Y. 273.   This note was payable on demand, so there is no presumption that, in taking it for the antecedent debt, the right to collect such debt was suspended for a single day; and there was no proof of an agreement on the part of the bank to release or discharge the debt, or that any security was parted with.   As the indorsement of Mrs. Meyer was enforceable only by virtue of a contract with the bank, or with some person other than her husband, and no such contract is shown, nor any consideration for the transfer of the note, it follows that the action cannot be maintained.   The cases in which accommodation indorsers have been held liable to holders taking the paper for antecedent debts proceed upon the enforcement of the agreement between the indorser and the maker for the use of the indorsement by the latter for his own benefit; but, as we have seen, no such arrangement or agreement between husband and wife is valid and enforceable; the person receiving the wife's note or indorsement for an antecedent debt of the husband being bound to show some original agreement between the wife and himself, or some other third person, founded upon a valuable consideration.   Judgment reversed, and a new trial ordered, with costs to abide the event.