Van Wyck, J.
This is an action upon two promissory notes made in 1889 by the defendant, Sabina E. Husted, to the order of and endorsed by her husband, the other defendant, and by him. transferred to plaintiff before maturity. In the body of each note, above the maker’s signature, is contained the following statement: “ And it is hereby agreed that this note shall be chargeable to-my separate estate, which has received the benefit thereof; value received.” The defense was usury, and the conditions under which it was transferred to plaintiff by the payee husband are in dispute; the plaintiff contending that the payee represented to him that they were made by his wife, endorsed by him and delivered to workmen for labor performed on the Hew England Hotel in the Bowery, which was a part of her separate estate, and that he wanted them discounted for these workmen, and plaintiff testified that he paid to the husband in cash the full face thereof, less the legal interest; while the husband payee testifies that he made no-such statements, but merely asked plaintiff to discount his wife’s, notes, which plaintiff did, receiving interest at the rate of twenty-four per cent per annum, and that neither his wife nor her separate estate received any consideration or benefit from him, the. notes or their proceeds.
Thus it became necessary for the jury to determine the following disputed questions of fact: Whether the maker or her separate estate had received the benefit of the notes, or their proceeds,, and if the jury answered this affirmatively, then the verdict must have been for plaintiff; but if in the negative, then they would be called upon to determine whether the plaintiff had been paid such unlawful interest, and if they had determined that he had not, still their verdict should have been for him; but if they should have concluded that he had received such unlawful interest, then the verdict should have been for defendants, provided that neither the maker nor her separate estate had received such benefit as aforesaid. It has been held that a wife who makes a. note to the order of her husband, without consideration, is liable to one who purchases it for its face value before maturity from the husband, on the theory that the note not being a valid contract as between the husband and wife, no 'contract, therefore, *784 springs into existence until the purchaser for full value becomes the holder of the paper,- and then the contract runs directly ■from the wife, maker, to such holder, and hence comes within the first section of the act of 1884, and not within the exception of § 2, whicli provides that the act shall not apply to any contract that shall be made between husband and wife. Bowery Nat.Bk. v. Sniffen, 7 N. Y. Supp., 520; S. C., 27 St. Rep., 10; and this case is followed in Queens Co. Bank v. Leavitt, 31 id., 195; S. C., 10 N. Y. Supp., 193.
But it has not been, nor can it be, held that a note made under ■such conditions can have any validity in the hands of one who purchases it from such payee husband for enough less than its lace value as to give the purchaser more than legal interest. The record of the case now under consideration shows as follows:
“ Plaintiff’s counsel: I ask your honor to charge the jury that if the maker of the note, Mrs. Husted, had received the benefit of that note before she delivered it, that then and thereafter the note could be sold at any rate, and it would not be usury,” and ■the court so charged.
, Bemembering these words in the notes, “ and it is hereby agreed that this note shall be chargeable to my separate estate, which has received the benefit thereof, value received,” it would seem that the court erred in charging the jury as follows: “ I charge that whenever these words appear in a promissory note of a married woman, that she was estopped from denying the words or their legal effect,” which means that this wife defendant was estopped from denying that her separate estate had received the benefit ■of the notes, or that the notes were not given for value received. Such is not the rule of law under the doctrine of ■estoppel. In Mechanics' Bank v. N. Y. & Y.H. R. R. Co., 13 N.Y., 638, Judge Comstock writing says: “But to say that he is estopped by the instrument itself simply because he has made it, and a third party has dealt with it,_ is only asserting in another form that fraud, mistake, duress, ’ illegality or want of consideration is no defense." Mrs. Husted, the maker, had the right to deny that her separate estate had received the benefit •of the notes, and that they were given by her for value received, and if the jury believed her denial, she was entitled to a verdict, if plaintiff had deducted more than lawful interest' from the purchase price of the notes, for then the transaction would be a usurious loan of money, for the plaintiff could not purchase notes which had no owner; in other words, which had no legal existence until they came to his hands. If the very words of a contract are to be taken as a representation which estops the party who makes the obligation from interposing a defense inconsistent with that representation, then all contracts must be deemed valid which appear to be so on their face, and not only usury, but duress and fraud, can no longer be alleged. Clark v. Sisson, 22 N. Y., 312.
The judgment is reversed, and a new trial granted, with costs to appellant to abide the event.
Ehrlich, Oh. J., concurs.